1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI EDMUND FRED ABREU, | Case No. **1:15-cv-01085-AWI-JLT (PC)** |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMENDED** |
| v. | **(Doc. 1)** |
| CAVINESS, et al., | **30-DAY DEADLINE** |
| Defendants. | |

## I.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

1

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

### A.      Summary of Plaintiff's Complaint

Plaintiff complains of acts that occurred while he was an inmate at the California State Prison in Corcoran, California ("CSP-Cor").  Plaintiff names the following Defendants:  CSC Cavines, C/O Miguel, K. Allen, J.D. Lozano, Sgt. James, Deputy Warden T. Perez, and Does 1-5 and seeks monetary damages.

Plaintiff alleges that on April 13, 2013 he was working as a "Linebacker," which involved him carrying trays of food to the serving line in the chow hall from the kitchen. He alleges that he slipped and fell while passing through the doorway between the two rooms.  Plaintiff alleges that this specific area is slippery as liquids workers regularly spill liquids there and the floor is tile without a mat, traction strips, or warning signage.  He claims also that prison officials lock up cleaning supplies during serving times to prevent contamination of the food.  Defendant Caviness was present and witnessed Plaintiff's fall and thereafter ordered other staff to clean up the liquid where Plaintiff slipped.

One week later, on April 20, 2013, Plaintiff again slipped in water and oil/grease that had been spilled on the floor in that same area, this time injuring his wrist.  Plaintiff alleges that this second fall should not have happened since the dangerous condition of the floor in that area during serving time was known and that Defendants failed to rectify it.

Defendant C/O Miguel was the custodial staff who supervised all inmates in the area where Plaintiff fell and holds the keys to the locked cabinet where cleaning supplies are kept. Plaintiff alleges that C/O Miguel "had the keys to the locked cabinet where cleaning supplies are kept." (Doc. 1, at p. 8.)

Defendants K. Allen, J.D. Lozano, Sgt. James, and Deputy Warden Perez apparently are involved in the Inmate Grievance (602) process.  Plaintiff alleges that they found no proof of a hazardous environment despite "years of complaints" and "eye witness testimony of other

1  culinary workers." (*Id.*, at p. 9.)

2      Plaintiff alleges that Does 1-3 are unknown persons "involved in the retaliatory action of

3  moving Plaintiff from the paid [Linebacker] position to the position in kitchen cleaning crew,

4  which is never called to work and therefore is a defacto firing" and that Does 4 & 5 are

5  supervisors of Caviness and Miguel  (*Id.*)

6      As discussed below, Plaintiff fails to state a cognizable claim, but may be able to amend

7  to correct the deficiencies in his pleading and so is being given the applicable standards based on

8  his stated claims and leave to file a first amended complaint.

9      **C.   Pleading Requirements**

10         **1. Federal Rule of Civil Procedure 8(a)**

11      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

12  exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534

13  U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain

14  statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).

15  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

16  the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

17      Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

18  cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556

19  U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

20  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

21  plausible on its face.'"  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual

22  allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S.*

23  *Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

24      While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*,

25  580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally

26  and are afforded the benefit of any doubt.  *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir.

27  2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, "the liberal pleading

28  standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330

1   n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements

2   of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

3   1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts

4   are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,

5   681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a

6   defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a

7   defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129

8   S. Ct. at 1949; *Moss*, 572 F.3d at 969.  Plaintiff must identify specific facts supporting the

9   existence of substantively plausible claims for relief.  *Johnson v. City of Shelby*, __ U.S. __, __,

10  135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

11       If he chooses to file a first amended complaint, Plaintiff should make it as concise as

12  possible.  He should merely state which of his constitutional rights he feels were violated by each

13  Defendant and its factual basis.

14               **2.  Linkage Requirement**

15       The Civil Rights Act under which this action was filed provides:

16           Every person who, under color of [state law] . . . subjects, or causes to
            be subjected, any citizen of the United States . . . to the deprivation of
17           any rights, privileges, or immunities secured by the Constitution . . .
            shall be liable to the party injured in an action at law, suit in equity, or
18           other proper proceeding for redress.

19  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

20  the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See*

21  *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362

22  (1976).

23       Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or

24  other federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d

25  1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006);

26  *Jones*, 297 F.3d at 934.  "Section 1983 is not itself a source of substantive rights, but merely

27  provides a method for vindicating federal rights elsewhere conferred."  *Crowley v. Nevada ex rel.*

28  *Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S.

4

386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff must clarify which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### D.    Claims for Relief

#### 1. Eighth Amendment

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).  Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).  This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a

1  failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions

2  posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337,

3  349, 101 S.Ct. 2392 (1981).  At screening, Plaintiff's allegations describing the consistently

4  slippery condition of the floor where he twice fell is accepted as posing a substantial risk of

5  serious harm.

6        Second, subjectively, the prison official must "know of and disregard an excessive risk to

7  inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir.

8  1995).  A prison official must "be aware of facts from which the inference could be drawn that a

9  substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S.

10  at 837, 114 S.Ct. 1970.  Liability may follow only if a prison official "knows that inmates face a

11  substantial risk of serious harm and disregards that risk by failing to take reasonable measures to

12  abate it." *Id.* at 847, 114 S.Ct. 1970.  Plaintiff fails to state a cognizable claim as his allegations

13  fail to show that any of the Defendants knew, on April 20, 2013 that the area where Plaintiff

14  slipped had been spilled on and was slippery prior to Plaintiff's fall that injured his wrist, and

15  failed to take steps to rectify the situation.

16            **2.  Retaliation**

17        Prisoners have a First Amendment right to file grievances against prison officials and to

18  be free from retaliation for doing so.  *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir.

19  2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).  A retaliation claim has five

20  elements. *Id.* at 1114.

21        First, the plaintiff must allege that the retaliated-against conduct is protected.  *Id.*  The

22  filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th

23  Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d

24  527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989);

25  *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  Second, the plaintiff must show the

26  defendant took adverse action against the plaintiff.  *Rhodes*, at 567.  Third, the plaintiff must

27  allege a causal connection between the adverse action and the protected conduct.  *Waitson*, 668

28  F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a

1    person of ordinary firmness from future First Amendment activities." *Rhodes,* 408 F.3d at 568

2    (internal quotation marks and emphasis omitted).  Fifth, the plaintiff must allege "that the prison

3    authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ."

4    *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

5         It bears repeating that while Plaintiff need only allege facts sufficient to support a

6    plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at

7    678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart*

8    *Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

9    The conduct identified by Plaintiff as retaliatory must have been motivated *by* his engaging in a

10   protected activity, and the conduct must *not* have reasonably advanced a legitimate penological

11   goal.  *Brodheim*, 584 F.3d at 1271-72 (citations omitted).  Thus, mere allegations that Plaintiff

12   engaged in protected activity, without knowledge resulting in animus by a Defendant, is

13   insufficient to show that Plaintiff's protected activity was the motivating factor behind a

14   Defendant's actions.

15        Thus, Plaintiff's allegations that Does 1-3 "are involved in the retaliatory action of moving

16   Plaintiff from the paid position to the position in kitchen cleaning crew, which is never called to

17   work and therefore is a defacto [sic] firing" do not state a cognizable retaliation claim.

18                           **3.  Inmate Appeals**

19        Plaintiff alleges that Defendants K. Allen, J.D. Lozano, Sgt. James, and Dep. Warden

20   Perez "were documented via the Inmate Grievance 602 process" and that "they collectively found

21   no proof of a hazardous environment inspite [sic] of years of complaints [Exhibit F] and the eye

22   witness testimony of other culinary workers [Exhibit B]."  (Doc. 1, at p. 9.)

23        "[I]nmates lack a separate constitutional entitlement to a specific prison grievance

24   procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in

25   processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v.*

26   *Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  "[A prison] grievance procedure is a procedural right

27   only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F.

28   Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see*

                                              7

1   *also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

2   confers no liberty interest on prisoner).  "Hence, it does not give rise to a protected liberty interest

3   requiring the procedural protections envisioned by the Fourteenth Amendment."  *Azeez v.*

4   *DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

5          Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis

6   for liability under a § 1983 action.  *Buckley*, 997 F.2d at 495.  However, "a plaintiff may state a

7   claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of

8   and acquiescence in unconstitutional conduct by his or her subordinates."  *Starr v. Baca,* 652 F.3d

9   1202, 1207 (2011).  Such knowledge and acquiescence may be shown via the inmate appeals

10   process where the supervisor was involved in reviewing Plaintiff's applicable inmate appeal and

11   failed to take corrective action so as to allow the violation to continue.  However, such

12   involvement in processing and/or reviewing an inmate appeal based on one incident is necessarily

13   insufficient.

14          From Plaintiff's allegations, it cannot be ascertained whether these Defendants were aware

15   of the slippery state of the floor in the area where Plaintiff slipped on April 13th, let alone prior to

16   his April 20th fall.  It is noted that Plaintiff sates that there have been "years of complaints," but

17   this is a conclusory allegation which need not be accepted and while Plaintiff references an

18   exhibit, which presumably fleshes out the basis for this allegation, it is not attached to the

19   Complaint.

20          A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his

21   or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection

22   between the supervisor's wrongful conduct and the constitutional violation."  *Hansen v. Black*,

23   885 F.2d 642, 646 (9th Cir.1989).  "[A] plaintiff must show the supervisor breached a duty to

24   plaintiff which was the proximate cause of the injury.  The law clearly allows actions against

25   supervisors under section 1983 as long as a sufficient causal connection is present and the

26   plaintiff was deprived under color of law of a federally secured right."  *Redman v. County of San*

27   *Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)(internal quotation marks omitted)(abrogated on other

28   grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

1    "The requisite causal connection can be established . . . by setting in motion a series of

2    acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly

3    refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably

4    should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty.*

5    *of San Francisco*, 266 F.3d 959, 968 (9th Cir.2001).  "A supervisor can be liable in his individual

6    capacity for his own culpable action or inaction in the training, supervision, or control of his

7    subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a

8    reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d

9    1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

10   Plaintiff's allegations fail to show that Defendants K. Allen, J.D. Lozano, Sgt. James, and

11   Dep. Warden Perez had knowledge of inmates falling because of spills which made the flooring

12   between the kitchen and the serving line slippery prior to Plaintiff's fall on April 20, 2013.

13   Indeed, Plaintiff's allegations even fail to show that these Defendants were aware of the fall that

14   Plaintiff had on April 13th in the same area.  .

15   Thus, Plaintiff fails to state a cognizable claim against Defendants K. Allen, J.D. Lozano,

16   Sgt. James, and Dep Warden Perez.

17   **4.  Supervisory Liability**

18   It appears that Plaintiff also may have named some of the Defendants, particularly Does 4

19   & 5, because of their supervisory positions.  Plaintiff specifically states that Does 4 & 5 are

20   supervisory to Caviness and Miguel and they should have known about the hazardous

21   environment from the numerous complaints over "years regarding the lack of cleanliness in the

22   kitchen."  (Doc. 1, at p. 9.)

23   Supervisory personnel are generally not liable under section 1983 for the actions of their

24   employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a

25   supervisory position, the causal link between him and the claimed constitutional violation must be

26   specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*,

27   589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief

28   under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that

1    would support a claim that supervisory defendants either: personally participated in the alleged

2    deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

3    promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

4    constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*,

5    885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045

6    (9th Cir. 1989).  Under section 1983, liability may not be imposed on supervisory personnel for

7    the actions of their employees under a theory of *respondeat superior*.  *Iqbal*, 556 U.S. at 677.  "In

8    a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the

9    term 'supervisory liability' is a misnomer."  *Id.*

10          The Supreme Court has rejected liability on the part of supervisors for "knowledge and

11   acquiescence" in subordinates' wrongful discriminatory acts.  *Ashcroft v. Iqbal*, 556 U.S. 662,

12   677 (2009) ("[R]espondent believes a supervisor's mere knowledge of his subordinate's

13   discriminatory purpose amounts to the supervisor's violating the Constitution.  We reject this

14   argument.")  However, "discrete wrongs − for instance, beatings − by lower level Government

15   actors . . . if true and if condoned by [supervisors] could be the basis for some inference of

16   wrongful intent on [the supervisor's] part."  *Iqbal*, 556 U.S. at 683.  Further, the Ninth Circuit

17   recently held that where the applicable constitutional standard is deliberate indifference, a

18   plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and

19   acquiescence in unconstitutional conduct by others.  *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).

20   It is under this rubric that the traditional and still valid elements of supervisor liability within the

21   Ninth Circuit are properly analyzed.

22          It is worth restating that "'bare assertions . . . amount[ing] to nothing more than a

23   "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of

24   ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an

25   assumption of truth."  *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*,

26   550 U.S. at 555)).  "Such allegations are not to be discounted because they are 'unrealistic or

27   nonsensical,' but rather because they do nothing more than state a legal conclusion − even if that

28   conclusion is cast in the form of a factual allegation."  *Id.*  To this end, allegations simply stating

10

1    that a given defendant knew of, or was aware of a situation that violated Plaintiff's rights will not

2    suffice.  Rather, Plaintiff must state specific factual allegations showing the events that give rise

3    to a specific defendant having knowledge of the offending condition/situation and thereafter

4    failing to rectify it.

5         Thus, allegations that Does 4 & 5, or any other defendant in a supervisory position, are

6    somehow liable because their subordinates violated Plaintiff's rights are not cognizable.  Further,

7    Plaintiff's allegation that  Does 4 & 5 should have known because of numerous complaints

8    regarding the cleanliness of the kitchen would not even be sufficient under the notice standards

9    discussed above since cleanliness of the kitchen can imply numerous unsanitary conditions that

10   would not necessarily include a segment of tile floor that is frequently spilled on that becomes

11   slippery and dangerous.

12   **II.**    **CONCLUSION**

13        For the reasons set forth above, Plaintiff's Complaint is dismissed, with leave to file a first

14   amended complaint within thirty days.  If Plaintiff chooses not to pursue this issue in an action

15   under § 1983, he may file a notice of voluntary dismissal of this action in that same time.  If

16   Plaintiff fails to file either a first amended complaint or a notice of voluntary dismissal, the action

17   will be dismissed for his failure to state a claim and will count as a strike under 28 U.S.C. § 1915.

18   If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion

19   seeking an extension of time no later than thirty days from the date of service of this order.

20        Plaintiff must demonstrate in any first amended complaint how the conditions complained

21   of have resulted in a deprivation of Plaintiff's constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d

22   227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named

23   defendant is involved.  There can be no liability under section 1983 unless there is some

24   affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo*

25   *v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v.*

26   *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

27        Plaintiff's first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and

28   plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading,"  Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's Complaint is **DISMISSED**, with leave to amend;

2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.     Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order, not to exceed twenty-five pages, excluding exhibits; and

4.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   __October 22, 2015__                    _____/s/ Jennifer L. Thurston__
                                                                UNITED STATES MAGISTRATE JUDGE