# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI EDMUND FRED ABREU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAVINESS, et al.,<br><br>　　　　　Defendants. | Case No.  1:15-cv-01085-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF FOR LACK OF JURISDICTION**<br><br>**(Doc. 14)**<br><br>**30-DAY DEADLINE**<br><br>**ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO FILE A CERTIFIED COPY OF HIS TRUST ACCOUNT STATEMENTS**<br><br>**(Doc. 9)**<br><br>**60-DAY DEADLINE** |

　　　　On August 26, 2015, the Court granted Plaintiff's motion to proceed *in forma pauperis* and allowed him sixty days to submit a certified copy of his trust account statement for the six-month period immediately preceding the filing of the Complaint.  (Doc. 9.)  On November 2, 2015, Plaintiff filed a motion describing his multiple, yet unfruitful, efforts to obtain a certified copy of his trust account statement and requesting an order compelling prison staff to provide it to him.  (Doc. 14.)  The Court construes Plaintiff's motion as seeking injunctive relief.

　　　　Notably, federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that, as a preliminary matter,

1  it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102,
2  (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454
3  U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no
4  power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18
5  U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find
6  the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation
7  of the Federal right, and is the least intrusive means necessary to correct the violation of the
8  Federal right."

9  Moreover, the pendency of this action does not give the Court jurisdiction over prison
10 officials in general or over the conditions of Plaintiff's confinement. *Summers v. Earth Island*
11 *Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir.
12 2010). Rather, the Court's jurisdiction is limited to the parties in this action and to the cognizable
13 legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599
14 F.3d at 969.

15 In his motion, Plaintiff does not seek injunctive relief against any of the Defendants
16 named in this action. "A federal court may issue an injunction [only] if it has personal
17 jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to*
18 *determine the rights of persons not before the court*." *Zepeda v. United States Immigration*
19 *Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, the Court must deny
20 Plaintiff's motion because it lacks jurisdiction over those in the Inmate Trust Office who, he
21 reports, have failed to provide him certified copies of his trust account.

22 The seriousness of accusations concerning obstructing Plaintiff's access to certified copies
23 of his trust account to pursue this action cannot and do not overcome what is a *jurisdictional* bar.
24 *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability
25 constitutes the core of Article III's case-or-controversy requirement, and the party invoking
26 federal jurisdiction bears the burden of establishing its existence."). This motion is simply not the
27
28

proper vehicle for conveyance of the relief Plaintiff seeks. [1]

**FINDINGS & RECOMMENDATIONS**

Based upon the foregoing, the Court **RECOMMENDS**:

1. That Plaintiff's motion for injunctive relief, filed November 2, 2015 (Doc. 14), be **DENIED** for lack of jurisdiction;

2. That the Clerk's Office be directed to forward a copy of this order and Plaintiff's motion to the Warden's office and to Litigation Coordinator at High Desert State Prison via facsimile transfer that they might be made aware of Plaintiff's safety concerns.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**ORDER**

1. Plaintiff's deadline to submit a certified copy of his trust account for the six month period immediately preceding his filing of this action is extend to 60 days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **November 5, 2015**             /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.