# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAI EDMUND FRED ABREU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAVINESS, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01085 - AWI - JLT<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

　　　　Tai Edmund Fred Abreu asserts his civil rights were violated by prison guards during his incarceration at the California State Prison in Corcoran, California. Plaintiff contends he was employed by the prison in the kitchen, and suffered an injury due to the deliberate indifference of Defendants. Accordingly, Plaintiff contends Defendants are liable for a violation of the Eighth Amendment. (Doc. 22 at 3) Because Plaintiff fails to allege facts sufficient to support his claim for relief, the First Amended Complaint is **DISMISSED** with leave to amend.

**I.　　Screening Requirement**

　　　　When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaints. *See Forsyth v.*

1

*Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation.] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation.] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim. 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a

complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, the Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.     Section 1983 Claims

Plaintiff seeks to assert violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). An individual may bring a civil rights action pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege he suffered a specific injury and show causal relationship between the defendant's conduct and the injury. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

### IV.     Factual Allegations

Plaintiff alleges that during April 2013, he was employed in the kitchen of CSP-Corcoran as a

"linebacker," which required him "to carry trays of food to the serving area from the kitchen and carry[] empty trays back from the serving area to [the] scullery through the kitchen." (Doc. 22 at 8)  He alleges that on April 13, he "slipped and fell during the course of [his] duties," and his accident was witnessed by M. Caviness, the correctional supervisory cook. (*Id.* at 3)  Plaintiff contends the fall "was caused by spilled chicken grease and the location of the fall is frequently spilled on in such a manner." (*Id.*)  According to Plaintiff, "Per policy, CSC Caviness does not allow cleaning materials to be accessed during food service." (*Id.*)  Plaintiff alleges he "subsequently complained daily to Defendant Miguel," a correctional officer, who "disregarded" Plaintiff's complaints and did not take any corrective actions. (*Id.*)  He reports he also complained to Caviness, who also disregarded Plaintiff's complaints. (*Id.*)

Plaintiff contends that on April 20, "after complaining of spills in this same area to Defendants Miguel and Puga," he again slipped and fell. (Doc. 22 at 4)  Plaintiff asserts he injured his left wrist in the second fall, which "interfered with [his] daily activities and basic life functions for the next year." (*Id.*)  He asserts that "Defendants Miguel, Caviness, and Puga[] were each aware of the danger and failed to take corrective/preventative action at any time." (*Id.*)  In addition, Plaintiff asserts that after his injury, he "was moved to a non-pay position, denying [him] income." (*Id.*)  Based upon these facts, Plaintiff contends Defendants are liable for a violation of his Eighth Amendment right to be "free[] from cruel and unusual punishment." (Doc. 22 at 3)

### V.     Discussion and Analysis

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Accordingly, a prisoner may not be "compelled to perform physical labor which is beyond their strength, endangers their lives or health, or causes undue pain." *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994).

To plead a cognizable Eighth Amendment claim, a plaintiff must allege facts demonstrating that the prison official acted with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834

(1994). Deliberate indifference in this context is a high standard, present only where the prison official "knows of and disregards an excessive risk to [the prisoner's] health and safety." *Id.* at 837; *Toguchi v. Chung*, 291 F.3d 1051, 1060 (9th Cir. 2004). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* When a defendant should have been aware of the risk of substantial harm to the prisoner but was not, "then the person has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188.

In this case, Plaintiff alleges he fell on April 13, 2013, and the fall was witnessed by Defendant Caviness. (Doc. 22 at 4) He asserts he complained "daily" to Defendant Miguel about the policy of "not allow[ing] cleaning materials to be accessed during food service." (*Id.*) Plaintiff asserts also that "[o]n days when Caviness was present, [he] complained to him as well." (*Id.*) However, Plaintiff fails to allege any facts supporting the conclusion that Defendants were aware a lack of access to cleaning materials[1] posed a serious risk of harm to the plaintiff. Further, there are no facts supporting a conclusion that Defendants were aware of the wet floor when Plaintiff slipped on April 13 or on April 20. Indeed, Plaintiff fails to allege any of the defendants were present in the kitchen when he fell and injured his wrist. Thus, Plaintiff fails to allege facts sufficient to show Defendants knew of and disregarded a serious risk to his safety. *See Farmer*, 511 U.S. at 837.

## VI.     Conclusion and Order

Plaintiff has failed to provide sufficient facts sufficient to support his claim for a violation of the Eighth Amendment. The Court will allow Plaintiff **one final opportunity** to cure the deficiencies identified in this order by providing additional facts to support his claims. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128. If Plaintiff fails to provide information supporting his claims, the Court will find he is unable to do so.

Plaintiff is advised that the second amended complaint supersedes the original complaint. *Forsyth*, 114 F.3d at 1474. In addition, the amended complaint must be "complete in itself without

---

[1] The Court presumes that Plaintiff is claiming that had the cleaning materials been present, someone would have cleaned the spill before his fall. He does not explain why "cleaning materials" are needed to dry a spill, unless—and he does not state this—he means "towels" or "mops" when he refers to "cleaning materials." Likewise, he does not explain whether he—or anyone else—was aware of the spill before he fell on either day.

5

reference to the prior or superseded pleading." Local Rule 220. The amended pleading must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's First Amended Complaint is **DISMISSED** with leave to amend;
2. Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file a Second Amended Complaint; and
3. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to prosecute and failure to obey the Court's order</u>.

IT IS SO ORDERED.

Dated: **April 6, 2016**              **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE